IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

**5 : 08  CV  2040**

CASE NO. _____

Belinda Rife Anello
Plaintiff      Pro Se
            V
Magnolia Police Department, Ptl. Nicholas
Kline, Chief Gary L.Gardner, Sgt.Barbara
Gardner, Village of Magnolia
John and Jane Doe 1- 2
Stark County Humane Society &Directors,
Trustees and key employees, Jackie Godbey
Off.Ron Sheaks, Lou Criswell, Edward Sells,
Diane Neal ,Nancy Reinbold , John and Jane
Doe 3 -    7 ,Stark County Office of Dog
Warden, Evert Gibson , Off. Neal Denzer,
Off. Kevin Fox , John and Jane Doe 8 -
 10, County of Stark , City Canton , John and
Jane Doe 11-14 ,City Prosecutor Joseph
Martuccio, Prosecutor, Derek McLowery,
Law Director Frank Forchione, Judge Mary
Falvey, John and Jane Doe 15-18,
April McKenzie, Dr. DeRhodes,
Dr. C.A. Heller, Attorney Ronald Gatts,
Attorney Nicholas Swyrydenko,
Attorney Matthew G. Hiscock, Joanne Withers,
John Lewis ,Brandis Lewis, The Canton
Repository, Lori Monsewicz
 Defendants

JUDGE ___JUDGE LIOI___

MAG. JUDGE GALLAS

COMPLAINT FOR DAMAGES
ARISING FROM VIOLATIONS OF
OF CIVIL RIGHTS (Title 42 U.S.C.
Statutes; 1981, 1983 ,1985 ,1986,
1988)  RICO (42 U.S.C.Statutes
1961, 1964) CONSPIRACY ;
FRAUD
DENIAL OF CIVIL RIGHTS OF
A DISABLED PERSON IN
VIOLATION OF THE
AMERICANS WITH DISABILITY
ACT OF 1990 ; VIOLATION OF
OHIO CIVIL RIGHTS ; TITLE 18
PART I CHAPTER 3 Sec 43
FORCE VIOLENCE AND THREATS
INVOLVING ANIMAL
ENTERPRISES; INJUNCTIVE
RELIEF

Plaintiff demands trial by jury

## THE PARTIES

Plaintiff

1. Plaintiff Belinda Rife-Anello has resided in Akron ,Ohio for the past 30 years . Plaintiff has
has been a disabled person since childhood but was declared so by the State and Federal
Government in November of 2004. Plaintiffs sole source of income is derived from a monthly
SSI check. Plaintiffs address is 3204 Doubler Dr. Akron Ohio 44319.

Complaint 1

## THE PARTIES

DEFENDANTS ;

2. Magnolia Police Department is governed and operated by the Village of Magnolia pursuant to the laws of the State of Ohio. They failed to properly hire, train ,supervise ,control or Discipline the officers involved in the illegal search and seizure of private property at the rented barn ,located at 6197 Waynesburg rd.  Magnolia Police Department is located in the county of Stark and shares jurisdiction with the village of Waynesburg for the Canton Municipal court and other Stark County Courts .The matter in controversy exceeds the sum of $75,000, exclusive of cost and interest. They stood by and were participate to acts of violence that resulted in the death of six dogs on August 25th 2006. Their mailing address is ; 328 N. Main St. Magnolia Ohio 44643

3 Ptl. Nicholas Kline , Defendant Kline and John Doe and their  supervisors are sued both individually and in their official capacity. At all times pertinent hereto. Defendant Ptl. Nicholas Kline entered with out warrant on August 24th of 2006, the upper portion of the privately rented barn of Plaintiff ,he used force to enter said barn, on said date by forcing a large ,jammed shut, door off its tracks.The August 24th date was day before, raid , officer Kline was not present on day of raid ,August 25th 2006. These were two separate entries with no warrant.
He then proceeded to take pictures of the animals ,which after his initial reporting, in his police report of his taking of photos all disappeared they were never called for or spoke of again through out the prosecution of plaintiff. He then went on to give false malicious and perjured testimony to help cover up both his and the illegal acts of others in this matter. Prosecution used this illegal act as part of its probable cause at no time was any permission given for this illegal ,forced entry. Plaintiffs were given no notice, and had no knowledge of its taking place until after charged with a crime of animal cruelty and requesting of a police report. His mailing address is; 328 N.Main St. Magnolia Ohio, 44643

4.   Sgt. Barbara Gardner, Defendant Gardner and John Doe and their supervisors are sued both Individually and in their official capacity at all times pertinent hereto. Defendant Sgt. Barbara Gardner entered with out warrant on August 25th all parts of the barn cutting locks . Removing Pieces of wood from the structure in order to gain entry according to her own written police report at the barn located at 6197 Waynesburg rd. She was participate to acts of violence that resulted in the death of six dogs on that August 25th day of 2006, by either commission and   or omission Sgt. Gardener later returned on that same day to the property on a false police report made  by defendant Brandis Lewis ,of a possible, threat that plaintiff would in some way harm ,defendant Brandis Lewis when Plaintiff discovered her animals all taken .This is in direct conflict to the testimony of Brandis Lewis ,mother, Joanne Withers, testimony who claimed her daughter had no knowledge of any matters concerning her reporting of the barn at 6197 Waynesburg rd. Sgt. Barbara Gardner detained and held plaintiff for questioning with out the reading of any rights , threatened  and named defendants and plaintiffs , landlord Carla Manley with criminal charges  to be brought against both plaintiff and plaintiffs landlord . Defendant Sgt. Barbara Gardner went

Complaint 2

on to give false and perjured testimony in direct conflict to her own written police report to cover for the actions of herself and others participate to the illegal search and seizure and acts of violence against animals housed with in the barn at the 6197 Wanynesburg drive address . Sgt Gardner last known address is; 328 N. Main St. Magnolia Ohio, 44643 . Plaintiff has reason to believe that defendant may no longer be in the employment of the Magnolia Police Dept. And seeks any and all information concerning her last known point of contact.

5. Defendant, Chief Gary L.Gardner, Fail to supervise ,train , control ,discipline the officers under his direct control, he also refused to accept evidence of a cut lock, and picture of a battered and bloody dog that plaintiff tried to give, Chief Gardner on or about September 16th 2006,he is sued both individually and in his official capacity his last known point of contact is; Magnolia Police department :328 N.Main St. Magnolia Ohio 44643 . Plaintiff also has reason to believe that Defendant Chief Gary Gardner is no longer in the employment of the Magnolia police department and seeks his last known address

6 . John and Jane Doe, 1 though 2 and their part or connection to the illegal search and seizure and or death of the six animals killed at the 6197 Waynesburg rd. address August 25th 2006. By members of the Magnolia Police Department. They are sued both in their individual and official capacity, address 328 N. Main St. Magnolia Ohio 44643

7.Defendant , Village of Magnolia , is an incorporated Village and operates and governs the Magnolia Police Department ,defendants Nicholas Kline, Barbara Gardner, and Gary L.Gardner , were acting as police officers in the scope of their employment for defendant Village. Defendants acted beyond the scope of their employment . Their address; 238 North Main St. Magnolia Ohio 44643

8. Defendant, Stark County Humane Society , Directors ,trustees and key employees , is a private foundation founded on supposed principals of humane and moral practices ,yet by their own mission statement have become devoted to investigations of Animal cruelty ,Defendant Society , was present and took part with its employee's in the illegal search, seizure and death of six dogs on
August 25th 2006 at the 6197 Waynesburg road address. They took into custody with out notice , until day of raid, a total of 42 dogs ,which included , seven , 6 and 7 week old puppies ,still nursing , they separated these pups on day of raid from their mothers and placed them in isolation from the mother dogs ,yet in the same room where each could hear the cries of the other, in unsanitary filthy diseased kennels, the seven puppies all began to die within 14 days of the humane societies custody of them ,Stark county Humane Society has a history and reputation of having the Parvo virus in its kennels, this has gone on for many years .Defendant has openly bragged on its web site of its connection to the courts in Stark county and that they always get their convictions; they are sued individually.They failed to train supervise or discipline. Their address is ; 5100 Peach St.,Louisville Ohio 44641

9. Defendant, Jackie Godbey Assistant Director and chief investigator ,did enter the privately rented rescue barn of plaintiff with out warrant, stood by and,or helped in the killing of six adul

Complaint 3

Adult dogs housed within the safety of the rescue barn. She is sued individually and within her claims to police powers, she helped in the gathering of the dogs, handled the feeding and care of said dogs ,and was responsible for obtaining help for any dogs that would have become ill on her watch, she called for ,a vet only after the puppies were dead.she repeatedly gave false and perjured testimony in direct conflict to her own pictures taken of barn and animals on day of raid she helped in the fabrication and manufacture of evidence to achieve a conviction ,clearly she and the humane societies chief goal, was a conviction and not the health of the animals it had seized. This was to cover their brutal, inhumane slaughter , by November 13th ,trial date, 12 dogs, over one fourth of the dogs were dead in the care and custody of the Humane society.. Her mailing address is 5100 Peach St. Louisville Ohio.44641

10.Defendant , Humane Society Officer Ron Sheaks ,was present and part of the raid on August 25th 2006, he was the officer who Ptl. Nicholas Kline called on the evening of the 24th when Ptl .Kline did his fishing expedition in the barn taking pictures that disappeared .Ptl. Kline stated in his police report that Officer Sheaks was going to come to the barn and post it on the evening of the 24th , and Jackie Godbey gave perjured testimony that he did but, their own pictures submitted as evidence show that the barn was only posted on day of raid . Also in existence is the notice its self ,with held by defense Attorney, Ron Gatts  with date of August 25th ,day of raid . Officer Ron Sheaks never took the witness stand ,although available and on the witness list .he is sued both individually and within his supposed police powers .His address is 5100 Peach St. ,Louisville, Ohio 44641

11. Defendant ,Lou Criswell, Director of the Stark County Humane Society, was the director and in charge of training for those under him ,he failed to supervise, train ,control and discipline the officers and employees under his direction .He is sued individually. His address is ; 5100 Peach St., Louisville ,Ohio 44641

12.Defendant Edward Sells , was present and part of August 25th raid . He helped in the gathering of 42 dogs six of which ended up beaten , kicked and strangled to death on August 25th 2006. He is sued individually .His address is; 5100 Peach St. , Louisville Ohio 44641

13.Defendant, Diane Neal, was President of Stark County Humane Society, at time of August 25th raid ,she not only condoned but help to raise money for the Humane Society based on their actions of the raid at 6197 Waynesburg rd. She used the raid, trial, prosecution as a fund raiser , event to extract monies from the public, advertising on her web site, the newspaper and cages of the seized animals, openly bragging of their connection to law enforcement and the courts. She is sued individually. Her address is ; 2574 Oakway N.W. North Canton Ohio 44634

14. Defendant, Nancy Reinbold, is at this time the new President of the Humane Society ,she has continued in the same pattern and practice of using the "Waynesburg dogs ", as they call it to raise funds , stating their mission as investigators, of cruelty ,she also openly brags of the fact that she is the wife of Chief Justice Richard Reinbold, of the common Pleas Court and she holds

Complaint 4

The position of Chief Deputy Clerk of Courts ,thus they always get their convictions she writes on their web site. When these facts along with the fact that she and Judge Mary Falvey are personal friends both with in the scope of their jobs and personally , were presented to the Ohio Disciplinary Counsel ,a investigation was began ,on Judge Falvey, which resulted in Judge Falveys  recusal of herself from case. Nacny is responsible for fund raising activities within the Canton Court System, if you break the law in some way in Canton, your punishment could be to donate a bag the Dog food ,paper towels or bleach,  to the Stark County Humane society .Bleach is a harmful and dangerous chemical to use in connection with dogs , It is piled just out side the door of the prosecutors office for Nancy to collect,she was at all times on the board of trustees.She is sued both individually and in her official capacity.Address; 4633 Kingsrow N. St. Canton Ohio 44709.


15. Defendants, John and Jane Doe both named and unnamed Defendants in their connection to the Stark County Humane Society 3 through 7 are sued individually and in their official capacity address 5100 Peach St. Louisville Ohio 44641

16. Defendant, Stark County Office of Dog Warden, for failure to supervise , train ,hire ,control and discipline its employees , naming its self on its web site as part of the Pet- FBI , in effort to give the appearance of police powers ,way beyond, what the reality and scope of their power with in the laws of Ohio are. They are sued in both their individual and official capacity Their address is 1801 Mahoning Rd. N.E. Canton Ohio 44705

17. Defendant, Evert Gibson, for failure to supervise, train, hire, control and discipline his employee's , Mr. Gibson, was head dog warden he stood by knowing full well what his employees were up to, he has had a pattern and practice of allowing his employee's to abuse and harm animals he conspired at all times with the various entities of this matter and others to seize powers beyond the scope of Ohio law. He has involved his self with various ,hand picked groups for the transport of seized animals  out of the State of Ohio, for money and gain .He has repeatedly fail to keep clean and sanitary conditions at his facility , vans, trucks and equipment causing the spread of infectious and fatal dog illnesses in the community and the cause of much suffering of the unfortunate animals that cross his path, he is sued in both his individual and official capacity .His address is 1801 Mahoning Rd. N.E. Canton Ohio 44705


18. Defendant , Neal Denzer, employee of the Stark County Dog Wardens office,and  is individual, who by his own admission ,on the witness stand , harmed the dogs at the 6197 Wanyesburg Rd ,private rescue. He entered the barn took a total of 10 photos, which also disappeared that he gave to Jackie Godbey, he then testify's that he removed each of the dogs on the end of a rabies pole that struggled and bit up the insides of their mouths and that some of the big ones were harmed. He also testified that he was present when four of the six dogs that died on August 25th expired , this is in direct conflict to Dr. DeRhodes report, that said 3 arrived D.O.A and 3 had to be put down. All six dogs that died on this August 25th date were thrown into the van ,of Mr Denzer , a total of 16 dogs were placed in his van, way beyond the capacity of the

Complaint 5

Space within the van for the transporting of the animals , Neal Denzer was largely responsible for the death of the six dogs on August 25th, had someone been willing to hold him responsible for his actions none of what went forward would have happened, as it was no one was willing to correct or place any discipline on Mr. Denzer, they instead rallied round to lie, conspire, and commit further crimes , in their cover up of the raid at 6197 Waynesburg Rd. He is sued in his individual and official capacity His address is ; 1801 Mahoning Rd. N.E. Canton Ohio 44705

19. Defendant , Kevin Fox a officer of the county Dog Wardens office, he was also present on the day of the August 25th raid, presented as evidence is Mr fox's log report the shows the use of a dart gun on one of the dogs Mr. Fox was never called to testify ,and was the source of a huge argument between ,Plaintiff and defense Attorney Ron Gatts as Plaintiff had requested that he be called , for questioning he was not he is sued in both his individual and official capacity, his address is ; 1801 Mahoning Rd. N.E. Canton Ohio 44705

20 Defendant John and Jane Doe 8 through 10 any and all persons who Plaintiff has knowledge of or not, who were associated with or took part in the August 25th killing of the dogs at the 6197 Waynesburg Rd address. Any and all persons who had knowledge of the spread and existence of the presence of the parvo virus both in the Vans and at the facility, of the Dog pound.they are sued in both individual and official capacity address 1801 Mahoning Rd.N. E Canton Ohio 44705

21.Defendant, City Prosecutor Joseph Martuccio, Failure to control, supervise ,hire train and discipline the various prosecutors within his office and under his control at all times pertinent to this matter, Defendant Martuccio refused to take exculpatory evidence of a cut lock, from plaintiff Anello on September 22, of 2006, he refused to allow any pretense investigation of any evidence offered to him including a picture of one ,of the bloody and beaten animals at a time when the only thing plaintiff was charged with was not providing shelter for the animals in question. He knew the charges to be one of neglect, yet refused to move on any evidence that showed clear acts of violence that had taken place ,he later at trial allowed a group of young prosecutors to gather in the back of the court room during trial laughing mocking and turning the court room into a monkey show ,there were complaints made ,yet he again refused to take any actions to prevent this behavior ,Canton Municipal court is run much like an unruly grade school its all personal and if you pick on the principals kid you only will be picked on worse for complaining, many within its system know that it is not functioning as a normal court but it has gone on so long, to get along and keep your job you go along. He is sued in his official and individual capacity, as he allowed fabricated evidence from one side only His address is; 218 Cleveland Ave. S.W. Canton Ohio, 44702

22.Defendant ,Derek Mclowery , Mr McLowery fabricated evidence ,he submitted evidence to a court of law that he knew to be false, he withheld evidence that he knew to be exculpatory in nature ,he suborned the false testimony of seven witnesses while having in his possession at all,

Complaint 6

Evidence to the contrary .Defendant , McLowery was at all times the assistant Prosecutor ,who was responsible, for the prosecution of the animal cruelty ,case , he at all times acted out side the scope of the laws of Ohio, He used sham legal process, obstructed Justice, conspired, committed Fraud upon the court ,tampered with evidence . He presented two different sets of facts to two different courts. He opposed and prevailed in his attempts to deny ,Plaintiff of my constitutional rights to redress and due process within the laws of the State Of Ohio ,He has committed irreparable ,emotional ,and physical harm to Plaintiff, that has continued and is on going to this day. He is sued in both his individual and official capacity. His address is ;218 Cleveland Ave.S.W. Canton Ohio 44702

23.Defendant , Frank Forchione, Canton City Law Director, was at all times responsible for the actions and behavior of the prosecutors within his department he failed to control ,supervise, train ,hire ,and discipline. Allowing the Canton Municipal Court to function as a rogue ,court with its rules based on its connected friendships and personal feeling , at all times failing to function as a Court of law ,within the scope of the laws of the State of Ohio. He is sued both individually and within his official capacity his address is ;218 Cleveland Ave. S. W. Canton Ohio 44702

24 Defendant. Judge Mary Falvey Conspired ,helped in the fabrication of evidence ,helped in the with holding of evidence she knew to be pertinent and necessary for plaintiffs defense. She at all times acted outside the laws of discovery, evidence and due process, she obstructed justice by attempting to destroy evidence letting the bodies of 6 dead animals lay for 21 days in only, a cooler while she went on vacation ,it took another judge to call for their removal to a pet crematory .She worked at all times for the prosecution, and her personal friendships. She clarified for the prosecutions witness ,helping the witness to give perjured testimony .She refused to give the  jury information they requested . She ruled at all times with bias, prejudice and Fraud. She has acted at all times pertinent to this matter in and cold, callous and vindictive manner, causing irreparable ,emotional and physical harm to a disabled person .Although she has now disqualified ,her self one can never take back the damage that this judge has done. She at all times sought to prevent Plaintiff from my constitutional rights, to redress within the law by a simple answer of Over ruled on all motions ,seeking redress giving no appealable matter for plaintiff, knowing at all times that plaintiff was a disabled person she used this fact to the advantage of plaintiff being easy prey, that could be worn down both physically and financially .
She is sued both individually and in her official capacity, as what she did,; she did in both the scope of her job and her friendships .Her address is 218 Cleveland Ave S. W. Canton Ohio 44702

25. Defendants, John and Jane Doe 15 through 18 and their part connected at all times to the Canton Municipal court They are sued both individually and in their official capacity .Address 218 Cleveland S.W. Ave. Canton Ohio 44702

25. Defendant, City Of Canton ,Ohio, defendant city is and at all times mentioned ,a municipal corporation exists by virtue of the laws of the State of Ohio the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, Defendants violated Plaintiffs rights under the fourth ,fifth and fourteenth Amendments to the United States Constitution . At times of the alleged incident and at all times pertinent hereto, Defendant acted under color of law, of a statute ,ordinance, regulation, custom ,or usage. The acts ,omissions ,systememic flaws, policies and customs of Defendant City caused police officers to believe that their misconduct abuse of power ,and denial of civilian rights would not aggressively , honestly ,and properly investigated, with foreseeable result that officers ,prosecutors and judges are more likely to use malicious prosecution, excessive unreasonable force, ointment and denial of rights against plaintiff and others in the future, their address id 218 Cleveland S. W. Ave , Canton Ohio 44702.

26. Defendant ,County of Stark ,Ohio. Failed to control, supervise ,properly hire, train and discipline its employee from the County Dog Wardens office, No dogs were at any time or previous to the date of August 25th 2006 , running loose, no dogs were threat or about to do harm to any person at the 6197 Waynesburg rd. address, they were at all times housed in the safety of the barn ,the County Dog warden had no authority to be on the premises of 6197 Waynesburg Rd., Yet they engaged in behavior and use of force that resulted in the death of six dogs .Plaintiff made several trips to the County Prosecutors in attempts to receive help for what had happened and is still on going , I was met with hostility, anger and told their was nothing they could do,as this was a matter in the hands of the city prosecutor Their address is 110 Central Plaza South , Canton Ohio,44702

27. Defendant, April Mckenzie, was assistant to Dr DeRhoads she was a party to the handling of the stolen animals she failed to recognize and report the existence of disease in the humane society kennels, she failed to administer any help for the sick and dieing puppies ,she stood by and allowed nursing pups to be separated from their mothers a practice that common sense alone would have told someone was wrong ,let alone some one trained in veterinary science. She then was party to the fabrication of a false and perjured document used by the prosecutor in court and submitted as evidence ,that she went on to give false testimony to. She is sued individually her address is 5100 Peach St. Louisville Ohio 44641

28 Defendant Doctor DeRhodes ,was doctor who did examination of dogs on August 26th of 2006 ,Dr. DeRhodes fabricated a report that , looked nothing like any medical report ever seen before it included no weight, age and in many cases the wrong sex, Their were no pictures to support his report, his report claimed the dogs to be thin, covered in fleas ,scars and open wounds with running eyes and matted fur. Six days after Dr. DeRhodes signed report , plaintiff entered the humane society with camera and took photos of the 36 living dogs the Photos taken on September 1st show 36 beautiful ,well, fed ,some almost fat dogs ,with clear eyes and shinny coats . Dr. DeRhodes then gave false and perjured testimony to his manufactured report. He was the only veterinarian allowed to examine the dogs as Judge Mary Falvey let all motions for

Complaint 8

Expert witness to examine the dogs for defense lay unanswered , not forgetting to answer ,as she placed a judgement entry on the record saying she would answer at a November 30th hearing but when November 30th came she put the matter off till, a status conference, which never happened Dr. DeRhodes is sued in his individual capacity His address is 5100 Peach St. Louisville Ohio 44641

29. Defendant, Doctor C.A. Heller, Saw only the dead puppies after their death ,claimed to be able to look at a dog and tell how it died with out ever producing any legitimate test results, Dr. Heller , was used to give legitimacy , to the Humane Societies false and perjured testimony he helped in the fabrication of evidence ,by not being truthful about , no real test ever being conducted on the dead puppies .If such a test existed he with held it in discovery, he is sued in his individual capacity his address is 5100 Peach St. Louisville, Ohio 44641

30 Defendant ,Attorney Ronald Gatts, was, hired to defend plaintiff ,but after taking plaintiff money leaving plaintiff with no monies to secure other legitimate defense went with all diligence to work for the prosecution, his malpractice of his clients reaches a new level in low, as he gave testimony by way of his questions to the prosecutions witnesses, that was false ,telling the jury that all 7 puppies were dead within 24 hours of the raid ,he wrote briefs in support of the prosecution presenting lies and false facts . He allowed dead animals to lay for 10 days before requesting their removal for preservation, he then refused to call for a necropsey of deseased animals ,doing away with the forensic of the case, causing arguement among his clients as he represented
3 clients in this matter . He failed to call necessary and important witnesses,he allowed the charges to be amended on day of trial ,changing from not providing shelter ,to beat ,mutilate and torture, elements that no testimony was ever given to ,as at all times its was their contention that dogs died of neglect, they stayed totally away from subject of physical harm as they knew that was what they had done. In his closing statements he told the jury that Ptl. Kline ,looked in the barn leaving the impression that he had only looked in a window when in reality he had forced his way in and took pictures by his own police report. Mr. Gatts is sued individually His address is 137 S main St., Akron, Ohio 44308

31. Defendant, Attorney Nicholas Swyrydenko, was hired from donations given to plaintiff by friends and family , by the time Mr. Swyrydenko, took over case ,plaintiff had acted from December of 2006 till April of 2007, keeping the Appeal in place , in Pro Se . Plaintiff had attempted to place the 5th District court on notice to the matters of violations of law that had taken place and had also gone back into the trial court, asking for necropsey of deceased animals then asking for examination of both living and deceased dogs at 5th district ,which was returned to trial court and promptly turned down , Over ruled no appealable matter, Plaintiff showed trial court pictures of water in bowls of animals taken by investigator Jackie Godbey on day of raid along with Mrs.Godbey perjured testimony, that no where in barn, could she find any water for the animals. Mr. Swyrydenko was handed a stack of post conviction motions made in pro se , addressing , judicial error, judicial misconduct ,prosecutor misconduct and ineffective counsel he

Acted as if he would address it all, he pretended to be working to the last minute with no time to share what he was writing while assuring us he would take care of all matters ,when we finally saw Mr. Swyrydenko's Brief we were shocked. Mr. Swyrydenko had only come up with, what he called ,the only viable issue ,the 4th amendment issue of the illegal search and seizure with out warrant, and presented it with all of the prosecutions false and fabricated lies and evidence, when I ask him why he done this, he said their was no way to change or challenge the facts that had been entered onto the record , Mr. Swyrydenko had the ten pages of pictures beautiful healthy well fed dogs taken only 6 days after the prosecutions fabricated medical report in his possession ,he had the pictures of water in bowls, he had Mr. Denzers on the stand confession of harming dogs ,

he had all transcripts that showed that judge Falvey had never allowed an expert witness to examine the dogs for defense, and actually ruled on it off the record at a status conference. He said that the motions submitted on September 5th and 16th well before discovery deadline of October 19th were entered to late to be of any appealable matter. Plaintiff at the time believed him after all he was a well, known appeals Attorney and schooled in law, Plaintiff was not, and the $3500. He was charging to us was a huge amount of money that had taken plaintiff and her co-defendant many months to raise. Mr. Swyrydenko made one mistake in his brief he mentioned the fact that the prosecution had presented two different sets of facts to two different courts , which shows that he was well aware, of the disputed evidence, the fifth district court told him he needed to seek a review De Novo, on this point,yet he continued to tell his clients that there was no way to address the facts of the case that had been put in place, it was only after I fully realized what Mr. Swyrydenko had done, that I began to try and under stand the full extent that our own attorney had harmed us .In March of 2008 I hired a attorney for post conviction relief, again from raised funds of friends and family . It was Mr. Hiscock who began to let me see the light ,of Mr. Swyrydenko's actions as he sat shaking his head trying, to understand how Mr. Swyrydenko had let so many errors go unaddressed that would have resulted in complete reversal ,of the case. Yet he also ,was protective of Mr. Swyrydenko keeping plaintiff, believing in her appeals Attorney. In September of 2007, our appeal was affirmed at the 5th district , we took the appeal forward at this point believing that there was no way to change the facts but knowing the wrong of our fourth amendment rights that had been done , no warrant , two day in a roll entry ,Ohio Supreme Court in April of 2008 the case was dismissed. A reconsideration was entered as Mr. Swyrydenko was by now admitting that the Judge had committed error that he would address in the reconsideration , he did not. He again , worked to the last minute unable to share what he was writing till it was to late, In March of 2008 Plaintiff had placed a Post conviction relief motion with Attorney Matt Hiscock which was promptly turned down by Judge Falvey Mr. Swyrydenko filed a writ of mandamus on March 17th to force Judge Falvey to grant an evidentiary hearing,but since Mr. Hiscock brought the motion under the wrong procedure of law it was also dismissed by the 5th district, on June, 9th of 2008. Mr. Swyrydenko had also entered a motion for reconsideration at Supreme Court in April of 2008, promising to address issues of judicial error .He did not , again waited till the last minute unable to share his writing, it was the same issues already turned away and was also dismissed on April 28th of 2008. Nicholas Swyrydenko has conspired to harm and keep the conviction of his clients in place , giving at all times false and misleading advice deceiving his clients at all times concerning the law , failing to address errors he knew would lead to complete reversal of this case, he at all times knew his client to be a

Disabled person of limited means ,he knew of the struggle that plaintiff had obtaining funds to pursue a fair and impartial trial and appeal, yet he choose to become a part of the criminal actions ,making his self party to the elimination of the evidence of the living animals as part of a bargain under threat of jail for his client . He is sued individually . His address is 1000 S. Cleveland -Massillion Rd. Ste 105 Akron Ohio 44333

32.    Defendant Attorney Matthew Hiscock, was hired in December of 2007 for post conviction motions in the trial court of Judge Mary Falvey , he like Mr. Swyrydenko took up front money to represent ,Plaintiff then began to hide, and not answer calls, he left plaintiff begging for the help he had promised On December 17th he finally fied a motion to reconsider sentence based on plaintiffs disability and history of no prior criminal matters Judge Falvey ,again with no appealable matter promptly ruled over ruled again, and so the begging continued as he had been hired to obtain an evidentiary hearing, and had at this point all the money plaintiff was able to raise, finally on February of 2008 he entered his motion for post conviction relief , it was good ,it was the first time an attorney had spoke the truth of this matter to the court but was entered under a wrong procedure of law as a 2953.21 motion for post conviction relief can not be done in a municipal court in Ohio .I learned that lesson the hard way , when I ask him to correct it, he said he had gone another direction with his life now ,and would not be able to further help me.and after all I knew, their was for sure help he could provide. Problem is I did expect him to at least be able to bring his motion under the correct procedure of law ,since he was the one schooled in law. It would have been nice to know before Nicholas Swyrydenko, was also paid to bring a writ of mandamus to force Judge Favey to do something that could not be done in a municipal court . He is sued individually for his malpractice and conspiracy to harm. His address is now oddly enough the same a s Nicholas Swyrydenko although hired at a completely different office on the other side of town he is now at; 1000 s. Cleveland Massillion Rd. Ste 105 Akron Ohio 44333


33. Defendant , Joanne Withers was prosecutors Public informant, Mrs. Withers ,daughter moved onto the farm at the opposite end of the barn ,in March of 2006 , Plaintiff was renting barn since December of 2005, so she was well aware that the barn was rented for the purposes of Animal rescue, when she rented the property. Mrs Withers started attempting to negotiate a purchase of the farm with the owner Carla Manley, so was Plaintiff as Plaintiff had at this time a back pay for SSI of 10,000.00 . The farm of 17 acres was for sale . Plaintiff noticed that someone from the house was coming down to the barn, when plaintiff was not present ,and found this fact disturbing as I knew it had to be upsetting the dogs . I saw large foot prints in the snow that was still on the ground, shortly after the new tenant moved in. I at this time installed pad locks on the doors and expressed my concerns to the land lord who reassured me that this was a nice young man who would do no harm , then my tools began to come up missing from the outer room that had no door . By June of 2006  according to her own testimony, Mrs. Withers began calling the humane society and police about the dogs in the barn, at this time there was only myself with 12 dogs . The land lord informed me some time in July that the dog Warden had contacted her about a dog running loose ,she reassured them it was not a dog from the barn as all dogs in the barn were locked in and none running loose. Mrs Withers continued calling over and over according to her own testimony with out ever speaking or contacting ,plaintiff which she easily could have

Complaint 11

Done had she had concerns she never even spoke to land lord about the matter. On August 23rd while plaintiff was working at barn Mrs Withers showed up with what was the boy friend at that time of her daughter ,who by now had moved into the small house with her boy friend. She stood around watching the dogs that had been let out for exercise, when I ask her if she was interested in adoption she said , no and walked back up to the house. I found her behavior strange and disturbing to the dogs , but was trying to get along so said nothing .Mrs Withers testified to coming to the barn more than once attempting to look in the windows I had no knowledge of it at the time I first met her, this had to be driving the dogs in side crazy as she was a stranger treading on what the dogs inside considered their home and territory , by this time Joan Fisher and Candy Martin had began to rent the other half of the barn and their was now a total of 42 dogs contained in the barn.Mrs Withers was repeatedly trespassing on the privately rented property of Plaintiff turning what was a neighbor dispute into a criminal matter by calling the police on her neighbor she was unable to get either the Stark county Sheriff or Waynesburg police involved but finally managed to drag the Magnolia Police Department into this with her false police reports .Mrs Withers stated her address as Waynesburg Ohio on police report ,but was in fact a resident of the neighboring Village of Magnolia, she gave false testimony of her daughter having no knowledge of the raid or any of her calls which is in direct conflict to the police report of August 25th which says they were called back to the property by Mrs withers daughter because she was afraid what Ms. Rife would do when she found her dogs missing, Mrs Withers is sued individually her address is ; 463 Shane Ave. Magnolia Ohio, 44688

34. Defendant John Lewis , was tenant at other end of farm took part in making false police reports and trespass onto the privately rented property of plaintiff then alined his self to give testimony against Plaintiff, he is sued individually his address is 463 Shane rd, Magnolia Ohio 44688

35. Defendant , Brandis Lewis, was tenant at other end of farm took part in making false police reports and trespass onto the privately rented property of plaintiff, in an effort to harm owner of property at 6197 Waynesburg ,and make more negotiable the owner, eliminating a total of $ 600. A month in collected rents from Pet resuers . She is sued individually . Her address is 643 Shane rd. Magnolia ,Ohio 44688

36. Defendant Canton Respository, Was contacted about what was going on in August when incident happened ,yet refused any coverage of story till October 1st,2006 when story hit front page of Sunday edition, with head line of" Rescued From the Rescuers ".They wrote that what we were doing at the barn in Waynesburg was illegal, then went on to run a advertisement for the Humane Society ,printing false and unproven information they refused to retract, libel and slander that helped to convict plaintiff, we had no chance to defend, they are sued individually their address is 500 Market St. S. Canton Ohio 44702

37. Defendant Lori Monsewicz Staff writer for the Respository . She wrote the libelous story and refused many times to retract or correct it she is sued individually ,her address is 500 Market St. Canton Ohio 44702                    Complaint 12

Jurisdiction

38. This action is brought pursuant to 42 U.S.C. 1983, 1985 ,1986 1988,

 1961, 1964, and the fourth ,fifth,  eighth and fourteenth Amendments to the United States Constitution and laws of the State of Ohio This court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. 1331 1343,  Americans with disability act 1990 ) Supplemental jurisdiction is asserted over state law claims pursuant 28 U.S.C. 1367 . Plain is requesting declaratory judgement and emergency injunctive relief , as there is a grave danger of physical harm from the actions of defendants jurisdiction to grant declaratory judgement is conferred by 28 U.S.C. 2201, 2202 .An award of costs and attorneys fees is authorized pursuant to 42 U.S.C. 1988

39. Venue is proper in that plaintiffs claims arose in the Northern District of Ohio

40.                         Facts of the case

   In December of 2005, Plaintiff, rented a barn at 6197 Waynesburg Rd, County of Stark, Ohio

said barn ,was located on a 17 acre farm ,with no zoning, besides the barn were two houses

located at the opposite end of barn ,and approximately 500 feet from the barn. The barn was the

purpose of rescue of abandoned and stray animals , and was a hobby and and personal purpose of

plaintiffs life. Plaintiff is a disabled person with limits on her ability to be standing, sitting or

walking for extended periods of time Plaintiff also has deteriorated discs in her neck which limit

strength and use of her arms . Plaintiffs condition has deteriorated over the past 2 years in direct

relation to the on going matter as plaintiff has been forced upon her feet over and over for long

periods of time , walking long distances because of inadequate parking , having to drive a car

when plaintiff was unable to physically do so, to remain out of jail, use of a computer to write ,

motions and pleas begging the court for no further harm. This is not to say that at all times when

plaintiff was maintaining the rescue, that I was in any way inadequate in the care of the animals .

Plaintiff had volunteers who helped and allowed ,plaintiff to set down when necessary, unlike
                                    Complaint   13

The now imposed conditions on Plaintiff.

41. In March of 2006, Plaintiffs Landlord Carla Manley ,rented the small house beside the main house to defendant John Lewis . Mrs Manley was traveling back in forth from South Carolina and staying ,sometimes for weeks at the large main house , she still had animals on the farm herself. When she was not there she had asked plaintiff to feed and water ,chickens, ducks and a racoon. It was at this time plaintiff began to see foot prints in the snow leading from the house to the barn when Mrs Manly was not present. Plaintiff at this time installed pad locks on entrances to the barn that were rented by plaintiff , for the amount of $300.00 a month plus security of $300.00

42. Some time around the end of March of 2006  plaintiff began to notice a women had moved in in with defendant John Lewis , and  I also began to notice many smaller foot prints around and about the barn. I again spoke to the landlord as I knew this had to be driving the dogs crazy, dogs are territorial . She assured me this was a nice young man who would do no harm.

43. Sometime in June of 2006 Mrs Manly informed me that the Stark County dog warden had left a note on her door that they had found a dog running loose in the area and had inquired if it had come from the farm, she had told them no, Mrs Manley had run a boarding kennel for dogs at this farm for many years so she saw nothing unusual in this.

44. Some time in July of 2006, Mrs. Manley informed Plaintiff that the Humane Society had come  by inquiring about the dogs in the barn , Mrs Manly had at one time worked for them , and informed them, that there were only 12 dogs and they were well cared for ,she saw them , on a regular ,basis when she was at the farm, according to her ,they went away satisfied.

45. Sometime in August of 2006 ,Plaintiff became aware that Landlord Carla Manley intended
Complaint 14

To rent the other half of the barn to another pet rescuer named Joan Fisher she had a much larger group of dogs than plaintiff but had been at her rescue efforts for many years. Plaintiff had no objection, in fact welcomed the company as, I was alone on many occasions and worked late into the night because of my need to rest between tasks.

46. Sometime still in early August, I met Joan Fisher and her Friend Candy Martin who I also learned would also be bringing some dogs to the barn, we made arrangements to work on the half of the barn that they would be renting , as the owner by now had taken both chickens and ducks to South Carolina and a clean up was needed before dogs could be moved in .

47. Some time around August 9th 10th we began work . We talked of enjoinment for the purposes of adoption of the dogs , the taking of pictures of my dogs , as Candy Martin had a 501 C-3 licence and web site for adoption of the dogs , something that plaintiff did not have , plaintiff had used newspaper advertisement, flyers and word of mouth.

48. On August 14th of 2006 Joan Fisher moved her 17 dogs into the shelter , we began to share duties but in know way were officially joined to each other it was more of a ,being helpful to one another, they were very busy with the moving in.

49. On August 20th according to the Magnolia Police report, Joanne Withers ,Mother of Brandis Withers, who was residing with John Lewis at the small house, began calling the Magnolia Police Department , turning the rescue barn in for what she called ,Animal Cruelty, Mrs.Withers, claimed to have seen dirty cages , from her looking in the windows of the barn, in testimony . This is a natural, occurrence with animals ,if they are eating, they will eliminate and should not have created probable cause for and illegal search and seizure. Joanne Withers was traveling miles ,from her home in Magnolia for these, window look in's .

Complaint 15

50. Over the span of the next ,four days Mrs. Withers continued with her calls to the various , agencies , although the prosecution attempted to paint a picture of many calls from many people, Mrs Withers was their only witness.

51. August, 23rd 2006, while working with the dogs at   at the barn they began to go off, as if someone was , outside, When I went out side there stood a middle age women ,with the tenant , from the house, John Lewis , although irritated at being disturbed, I was friendly and ask her if she was interested in the adoption of a dog . She said ," no I already have 2, rescue dogs", and walked away with John Lewis Although I found this strange , and told the other about it when they arrived .

52. August 24th , According to Ptl. Klines police report, he arrived at the barn at 4:30 P.M. He looked around ,noticed new pad locks on the doors ,but then found an open door, he entered the barn then proceeded to take pictures , which after his , report disappeared ,as they were never called for or mentioned again, he also stated that some had water but none  had food after when prosecution decided to make this a case of neglect , he gave testimony that there was zero water for the dogs in direct conflict to his police report , he had to warrant for entry into the barn . Defendant Joanne Withers gave testimony that Ptl Kline had been going around looking for the barn she was reporting and had gone to several others, in an effort to explain the 4 day span from her ,report to his illegal entry , as if she did not have her daughters address? Defendant Kline went on in his report to say he called Offier Ron Sheaks of the Humane Society who said he would come out and post the barn . When plaintiff arrived , that evening there was no sign or posting of any kind . I completed work, with friend ,David Yeager unaware what had happened.                              Complaint  16

53. August 25th 2006 , When Plaintiff arrived at the barn at about 3:30 instead of dogs barking as they always had , I was met with silence, and a notice had been placed on Joan Fishers, door with pad lock still in place,

all the dogs were gone , It said I had 24 hours to contact them if I wanted the return of my dogs. When I went to my section of the barn , I found my door ajar and my pad lock laying cut and on the ground , I was in shock , to say the least, I returned to my car , and attempted to call the Humane Society , and was told that all parties to this matter were in a meeting and not available to speak to , I began to try to contact ,Joan Fisher ,when a Magnolia Police car pulled in behind me , Defendant Sgt. Barbara Gardner ,approached plaintiff, and began questioning ,with out any reading of rights , she threatened ,Plaintiff and Plaintiffs land lord with legal action, and also informed plaintiff that some of the dogs were dead, by now I was shaking ,she returned to her car and left, later in her , police report I learned she had been called back there by, defendant Brandis Withers , who has now become defendant Brandis Lewis, Sgt. Gardner. Wrote that Mrs. Lewis told her that Plaintiff was on the property and she was afraid plaintiff ,would harm her when plaintiff learned her dogs were gone , all of the prosecutions witnesses claimed ,that there was no way to ,

contact plaintiff , prior to their raid on Aug 25th , and that no one was home at the small house Joanne Withers claimed that her daughter had no knowledge at any time of anything pertaining to this matter ,not even her reports made over a 5 day span . Brandis Lewis was home on that day and Sgt. Gardner report shows it Brandis Lewis was clearly involved and would have had her Landlords phone number, so many lies all with out warrant or notice . This was a two day search seizure with no warrant ,they claimed exigent circumstances , and rights because the barn was not part of the curtilage of the home , they built a case on perjury , and fabrication after their illegal search. Complaint 17

54. By August 29th, Plaintiff, Joan Fisher and Candy Martin were all charged with two counts each of animal cruelty.

55. August 31st we were, arraigned in The Canton Municipal Court

56. From August 31st 0f 2006 ,till this day of August 19th 2008 plaintiff has been, in a on going battle ,of violations of plaintiffs, constitutional and civil rights , plaintiff calls upon this court for examination of the record , so many are the violations of rule of law, both state and federal it is not possible for plaintiff to within the statue of limitations now list them all. All parties named in this suit ,in various ways entered into a conspiracy , using legal processes to harm plaintiff.

57. Laws of discovery, evidence ,and procedure were and are continuing to be broken ,perjury, suborning of perjury, fabrication of evidence , hiding of evidence, attempts to destroy evidence. Sham legal process, all of this exist ,as prima facie evidence only a glance at the record will show, the mockery that was made of the justice,system of Stark County

58. Defendants acts violated civil and constitutional right ,under color of law, violating federally protected rights ,these violations create a cause of action under Civil Rights Act (Title 42 U.S.C. 1983- 1988) and under RICO Title( 18 U.S.C. 1961, 1965)

59. This Cause meets the standards of the Animal Enterprise Terrorism Act , as the illegal entry and killing of dogs with in the barn was, three separate acts of violence upon three separate , individuals , who were other than a similar purpose , not legally connected to each other, These organizations have engaged in a pattern , practice of violence upon others in the community which will be joined to this suit as third party complaints . Showing the many acts of violence committed upon animals.

Complaint 18

60.Plaintiff has at all times during this matter been a disabled person who has suffered both

emotional and physical harm from the actions of defendants and is, right now experiencing

both pain , and becoming paralyzed on the left side of my body ,from this continued malicious

prosecution ,using sham legal processs. Plaintiff begs the intervention of this court to correct and

and stop defendants . Plaintiff has been reduced to a beggar  and has lost all independence

of home , and finances , from defendants actions .

61. The Canton Municipal Court has at all times acted outside the laws of the State Of Ohio,

it has entered its self into an incestuous , relationship with the Stark County Humane Society.

Collecting donations by way of fines on many cases ,while prosecuting , charging and

convicting ,plaintiff with contrived evidence, deceiving a jury with false and perjured

information to achieve their conviction .

62. On six separate occasions now ,plaintiff has been brought into court with the threat of jail,

each time ,thinking I would go ,Plaintiff has a fear of jail, as Stark County is using tactics of
striping

female inmates of their clothing and placing them in cells with no medical care, this has already

happened to co-defendant Joan Fisher, this was a second degree misdemeanor ,plaintiff and

co-defendants were charged with,  the actions of cruelty and vindictive prosecution that  have

went forward , have been done to  frighten and  make fearful, 3 middle age women with no priors

into not exposing the actions that took place at the barn on August 24th and 25th of 2006.

Both Joan Fisher and Candy Martin have already served their 20 days in jail ,only plaintiff

remains out of jail, but is right now on this 19th day of August under threat again,as a
Reimposition of sentence has been set for August 28th 2008

Complaint 19

63. Plaintiff   has begged the mercy of this court to do community service in stead of this

jail, time explained to the court that I have the need of wraps to control my condition of

lymphedema of the legs ,without them, I will become disfigured. It is a given ,they will not be

allowed in the Stark County Jail . The eight Amendment , prevents cruel and unusual ,

punishment. Plaintiff has been placed on 2 years probation for this matter, and does not know

how I will continue the monthly trips into Canton from Akron for this, as each trip cost plaintiff

a total of $20.00 a huge amount for my income, I also am being required to begin payment on

cost which is now up to $1,800.00 .

64.  On June 23rd of 2008 ,plaintiff entered a Murnahan Appeal at the Ohio supreme court

that appeal is in place and awaiting an answer as to if it will be heard

65.. Newly Appointed , trial court Judge Weigand set a Phone conference up on this matter for

June 24th of 2008, it was set up to be between new prosecutor Gabriel Wildman and Appellate

Counsel , Nicholas Swyrydenko by this time ,Plaintiff had fully realized all the harm, that Mr.

Swyrydenko Had done, and had already wrote a re opening of the case  to 5th district court based

on his ineffective and harmful counsel, still he was trying to stay on the case , with out even being

asked to and for the first time for no money. I fired him, and put in place a new Attorney Michael

Butts ,at 2:00 we waited for the call to come to Mr Butts office , we waited and waited it never

came .  When Mr. Butts contacted the prosecutor we were told he had been called away on an

emergency his wife was having a baby, Mr. Butts could also not reach the Judge.for the last 2

months , then on August, 17th , it came on the docket that this was scheduled for REIMPOSTION

of sentence, My Motion for relief unanswered ,My stack of evidence unlooked at , Appeal in

in place.                                        Complaint 20

## STATEMENT OF THE CASE AND FACTS

66.  Plaintiff, Belinda Rife Anello and co-defendants Joan Fisher and Candy Martin were

convicted after a joint jury trial in the Canton Municipal Court of two counts each of Cruelty to

Animals , R.C.959.13 (A) (1), misdemeanors of the second degree. On November 16, 2006,

plaintiff was sentenced to ninety days in the Stark County Jail, with seventy days suspended.

  Defendants Joan Fisher and Candy Martin have both served their 20 days in jail ,only

Plaintiff, Belinda Rife Anello has not ,all still  remain on a 2 year ,community control, probation.

  Prior to trial a hearing on Plaintiffs  joint motion to suppress illegally obtained evidence

was held ,which motion was denied by trial court by decision of November 9,2006. The Fifth

District Court of Appeals affirmed the decision of the trial court on September 17th,2007.

  This is because it was the only issue Nicholas Swyrydenko  brought forward , he allowed false

information to remain upon the record and even repeated those harmful and false facts ,while

having in his possession documents and ,pictures ,that showed evidence was to the contrary .

Letting all real ,and plain error go unaddressed . He then took those same false facts, forward to

the Ohio Supreme  Court  which deposed of the case with out finding any substantial
constitutional issues

on February 20th of 2008, Mr. Swyrydenko was then ask to do a reconsideration and to address

some of the many issues he had missed and that , Post conviction attorney Matt Hiscock had now

informed plaintiff  that these were, indeed errors ,Mr. Swyrydenko ,said he would in particular
address  the Judge's

actions in this case. Yet again he pulled the same working ,to the last minute ,don't have time to

to show you what I am writing trick ,on April 23rd 2008 the Ohio Supreme Court denied ,hearing
of the case                                    Complaint 21

67. Some one must stop the Canton Municipal Court ,as it is clear they have no intention of following the rules of law ,they have functioned at all times out side the law

68.                                    COUNT 1
(VIOLATION OF CIVIL RIGHTS : TITLE 42 U.S.C. SECTION 1981, 1983, 1985, 1986 1988
         Plaintiff realleges all preceding paragraphs by reference, as if fully stated in this count.
         All defendants directly and indirectly violated and aided and abetted the violations of
         plaintiffs civil and constitutional rights under color of state law occurring in the state of
         Ohio .

69.                                    COUNT 2

CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS , TITLE 42 U.S.C. SECTION 1985)
         Plaintiff repeats and realleges all preceding paragraphs by reference, as if fully stated in
         this Count .All defendents violated title 42 U.S.C. Section 1985 , by entering into a
conspiracy to violate plaintiffs civil rights .

                                       COUNT 3

70.      EQUAL RIGHTS UNDER THE LAW TITLE 42 SECTION 1981
Plaintiff repeats and realleges all the preceding paragraphs by reference ,as fully stated in this
count All defendants violated plaintiffs equal rights to protection of the law as a disabled person,
and citizen of the United States.

                                       COUNT 4
71.      ( CIVIL RICO VIOLATIONS TITLE 18 U.S.C. 1961 -1965 )

Each defendant engaged in a pattern of predicate acts and racketeering activities ,affecting
interstate  commerce as defined in the Rico statutes , Title 18 U.S.C. 1961 (1) (5)
and stated in this complaint ,defendants predicate acts consisting of racketeering activities ,
continued without interruption from August 24th of 2006 or earlier and involved multiple
predicate acts that gravely affected interstate  commerce ,as described in this complaint

72.Each defendant directly and indirectly played direct and indirect roles in obstructing justice  by
their actions that would knowingly  prevent plaintiff from reporting the criminal activities
Each defendant named in this action is a person within the meaning of Title 18 U.S.C. 1961 (3)
 Each defendant by their word and actions showed that they had agreed to participate ,directly and
indirectly in the affairs of the enterprise through the perpetration of multiple predicate acts.

                                    Complaint 22

73. Each defendant acted within the scope of the enterprise. Defendants combined to form an association -in fact enterprise under Rico for the common purpose of engaging in a course of conduct that defrauded ,plaintiff and inflicted great harm upon interstate commerce, adversely affected national interests and defrauded the United States .

74. Each defendant person within the meaning of Ricco in violation of Title 18 U.S.C. 1962 (a) and 1962 (b) through their predicate activities acquired and maintained an interest in the enterprise , continuing their acts in the conspiracy and furthering the cause of the enterprise.

75.                              COUNT 5

( INTENTIONAL VIOLATION OF CONSTITUTIONAL RIGHTS AND PROTECTIONS)
Plaintiff , repeats and realleges all preceding paragraphs by reference ,as if fully stated in this count

76. All defendants ,directly and indirectly , violated plaintiffs rights and protections under the First, fourth , fifth ,sixth, eighth and fourteenth Amendment rights to the U.S. Constitution , including the right to petition the government , to free speech , to report criminal and treasonous acts in government offices and protection against being deprived of liberty and property without and in violation of due process

77.                              COUNT 6
                        ( FRAUD AGAINST PLAINTIFF)
Plaintiff repeats and realleges all the preceding para graphs by reference as if fully stated in this count .

78. Defendants violated ,Plaintiffs rights to petition for redress , by not allowing ,setting aside with no answer ,Plaintiffs motions and pleas for redress,with in the Canton Municipal Court, the entering of false and fabricated evidence, on plaintiffs behalf, against plaintiffs interest, while deceiving Plaintiff into thinking she was being represented at all times , in an effort to prevent Plaintiffs exposure of the corrupt activities that all defendants engaged in.

78.                              COUNT 7
            (INTERFERING WITH PLAINTIFFS RIGHT TO PETITION GOVERNMENT )
 Plaintiff repeats and realleges all preceding paragraphs by reference ,as if fully stated in this count

79. Defendants violated Plaintiffs first amendment rights to petition government ,as plaintiff sought to report to the Canton Municipal Court , County of Stark , City of Canton the criminal activities taking place in its offices and agencies.
                        Complaint 23

80.                              COUNT 8
        ( FRAUDULENT AND INTENTIONAL INTERFERENCE WITH ECONOMIC
        ADVANTAGE)

Plaintiff repeats and realleges all preceding paragraphs by reference ,as if fully stated in this
count

81. All defendants directly and indirectly interfered with plaintiffs economic advantage and have
reduced plaintiff to a beggar ,status lose of independence, rental home, now living on the charity
of friends and family.
                                 COUNT   9
82              ( NEGLIGENT INTERFERENCE WITH ECONOMIC ADVANTAGE)
Plaintiff repeats and realleges all preceding paragraphs by reference .as if fully stated in this
count

83. All defendants directly and indirectly interfered with plaintiffs economic advantage ,knowing
at all times that defendant was a disabled  person who  walked a thin line to remain stable in her
independence, yet have continued and persisted to this day with continued financial harm.


                                 COUNT 10
85.        ( INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
  Plaintiff repeats and realleges all preceding paragraphs by reference ,as if fully stated in this
count

86. All defendants intentionally inflicted upon plaintiff , emotional distress though ,fraud
,conspiracy and violation of civil and constitutional rights


                                 COUNT 11
87.        (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

Plaintiff repeats and realleges all preceding paragraphs by reference ,as if fully stated in this
count

88. As a Result of the above acts, plaintiff Anello suffered negligent infliction of emotional
distress during the time frame covered

89.                              COUNT 12
        (VIOLATION OF CONSTITUTIONAL DUE PROCESS)
Plaintiff repeats and realleges all preceding paragraphs by reference ,as if fully stated in this
count
all defendants knowingly and repeatedly violated plaintiffs right to procedural and substantive
due process refusing at all times to address matters of prosecutorial mis conduct at trial court
                                 Complaint   24

Level ,leaving at no time appealable matter.

90.                    COUNT 13
                ( INVASION OF PRIVACY )
  Plaintiff repeats and realleges all preceding paragraphs by reference ,as if fully stated in this
count
91. All defendants repeatedly engaged in acts that violated plaintiffs privacy, and fourth
Amendment rights to be free of unreasonable searches and seizure of personal property , with out
warrant.
On two separate occasions entering the privately rented premises of plaintiff on August 24th and
25th of 2006 with no warrant.


92.                    COUNT 14
                ( MALICIOUS PROSECUTION)
 Plaintiff repeats and realleges all preceding paragraphs by reference as if fully stated in this
count

93.  Defendants engaged directly and indirectly, in malicious prosecution , by filing criminal

second degree misdemeanor charges of animal cruelty ,after entering two days in a roll, with out
warrant, the privately rented barn of plaintiff , then killing by kicking beating and strangling six
dogs to death , they then brought and have continued to bring these charges attempting to jail
Plaintiff ,preventing plaintiff from ordinary means of civil rights to due process to cover up
the criminal acts of defendants . Defendants are attempting to destroy the evidence of the
deceased bodies of these dogs being held at the Chic Weaver Pet crematory at the very moment
of writing, by clerks in the Canton Municipal Court telling Mr. Weaver that this whole matter is
over and he can now release bodies , knowing that there is a Murnahan Appeal in place .

94.                    COUNT 15
                (ABUSE OF PROCESS)

Plaintiff repeats and realleges all preceding paragraphs by reference ,as if fully stated in this
Count .

95.  Abuse of process ,using court process for improper and ulterior motive of halting plaintiff
from filing criminal charges against the Humane society , Dog warden and Magnolia Police
department for their acts of violence upon the animals at the Waynesburg address. Continuing to
this day , attempting to destroy the evidence of their acts of violence .


96.                    COUNT 16
                (   CONSPIRACY )
                        Complaint 25

Plaintiff repeats and realleges ,all preceding paragraphs by reference ,as if fully stated in this count

97. All defendants engaged in a conspiracy with each other and people unknown to inflict harm upon plaintiff for the purpose of halting the exposure of corrupt and criminal activities.

98.                                   COUNT 17
                        ( INTENTIONAL VIOLATION AND DEPRIVATION OF COMMON
                        LAW TORTS)
    Plaintiff repeats and realleges all preceding paragraphs by reference ,as if fully stated in this count.

99. All defendants intentionally perpetrated torts and other wrongful acts against plaintiff and aided and abetted such wrongful acts , knowingly inflicting great harm upon plaintiff.

100.                                   COUNT 18
                        (VIOLATION OF THE PERSONS WITH DISABILITY ACT 1990)

Plaintiff repeats and realleges all preceding paragraphs by reference ,as if fully stated in this count .

101. All defendants intentionally perpetrated ,either directly or indirectly ,a violation of of laws concerning at all times a disabled person ,causing both physical and financial harm , causing plaintiff at all times to function beyond her physical ability not providing plaintiff with adequate Parking causing physical harm ,acting at all times under color of law with out providing plaintiff necessary  means to meet the demands of the court, with at all times, the threat of jail hanging over plaintiff from an unlawful and contrived prosecution That was concocted to cover up criminal acts.

102.                                   COUNT 19
                        (TITLE 18 PART I CHAPTER 3 SECTION 43, FORCE VIOLENCE AND
                        THREATS INVOLVING ANIMAL ENTERPRISES)

Plaintiff repeats and realleges all preceding paragraphs by reference, as if  fully stated in this count .

103. All defendants intentionally perpetrated the acts of violence that took place at the animal rescue barn at 6197 Waynesburg Rd., either directly or indirectly were participate to these acts ,of force and brutality resulting in the death of six dogs on August 25th 2006 . Plaintiff was renting and was an individual involved in a private , act of charity , in the rescue of stray and abandoned animals , at no time was plaintiff joined in any legal or verbal agreement to the other women , operating their separate rescues .within the barn , the raid on August 25th involved 3 separate, incidents of Animal enterprise Terrorism , these acts are part of a pattern and practice of acts of

Of violence , search with out warrant , breaking and entry by extremist , groups who are looking to control and corner the market on donations made by the public to animal rescue , they are many folded in their purpose, to drive all competition out of Stark County, collecting all donations for their selves , use the raids as a way to raise donations and stir up publicity for defendants named in this matter, With no thought for the welfare of the animals involved in these raids as they many times end up dead , or then put down when they have served their , purpose to raise money, they always use the same patterns of outrageous accusations of smell unhealthy , animals, feces every where , they enter in raid fashion, turn over food and water bowls , turn platforms upside down, throw blankets .cages and all equipment ,then take pictures of the mess they have made , In our Case they had not ONE picture of an abused ,unfed skinny or unhealthy dog . They had only a fabricated report signed by ,a doctor on their pay roll.

104. Defendants broke, into the separate , portions of the barn that were each locked ,with pad locks belonging to different individuals , with in the barn , the licence and veterinarian ,records ,for each animal

were withheld by defense counsel Ronald Gatts and showed many thousands of dollars, spent on the individual animals held within the barn, were in the separate names of ,Plaintiff and her Co-defendants , we were not made aware that we could be tried separate until well into the procedure, then told it would cost more money to have separation , even at appeals level the courts continued to lump us together , until plaintiff entered a pro se motion to end the enjoinment, One Dog ,that belonged to Plaintiff was killed on August 25th , 7 puppies also belonging to Plaintiff , began to die 14 days after raid ,of parvo virus ,in the custody of the Humane Society. Joan Fisher had 5 dogs killed on August 25th ,raid . Candy Martin had none. Yet we were each convicted of 2 counts each of Animal Cruelty, When the Jury ask ,Judge Falvey just before making a decision, if they could know what dog belonged to who, as it had never been made clear , she told them she could not give them any more information , that they would have to rely on their collective memory.

## DAMAGES DEMANDED FROM DEFENDANTS

105.   Plaintiff demands from defendants ,damages ,punitive damages , costs, and attorney fees, and whatever other relief is provided by a jury and the court,

106. As to count one , violation of civil rights , judgement in an amount not less than 1 million , individually and collectively against all defendants.

107. As to Count 2 conspiracy to interfere with civil rights , judgement in an amount not less than 1 million , individually and collectively against all defendants

108. As to count 3 ,Equal rights under law , judgement in an amount not less than 1 million ,individually and collectively against all defendants

Complaint 27

109.  As to count 4 Civil Rico Violations , Judgement in an amount not less than 1 million individually and collectively against all defendants .

110.  As to count 5   intentional violation of constitutional rights and protections ,judgement not less than 1 million, individually and collectively against all defendants.

111. As to count 6 ,Fraud against plaintiff, judgement of not less than 1 million dollars individually and collectively against all defendants

112. As to count 7 , Interfering with rights to petition government , judgement not less than 1 million dollars , individually and collectively against all defendants,

113. As to count 8, Fraudulent and intentional interference with economic advantage, judgement not less than 1 million dollars , individually and collectively against all defendants.

114. As to count 9 , negligent interference with economic advantage, judgement not less than 1 million dollars individually and collectively against all defendants.

115. As to count 10, Intentional infliction of emotional distress , judgement not less than 1 million dollars individually and collectively against all defendants.

116. As to count 11, Negligent infliction of emotional distress , judgement not less than 1 million dollars ,individually and collectively against all defendants.

117. As to count 12 , Violation of constitutional Due process , judgement not less than 1 million dollars individually and collectively against all defendants,

118 . As to count 13 , Invasion of privacy ,judgement not less than 1 million dollars individually and collectively against all defendants

119.  As to count 14 ,Malicious prosecution , judgement not less than 1 million dollars individually and collectively against all defendants .

120. As to count 15 , abuse of process, judgement not less than 1 million dollars , individually and collectively against all defendants

121.  As to count 16. Conspiracy , judgement not less than , 1 million dollars , individually and collectively against all defendants .

122. As to count 17, Intentional violation and deprivation of common law torts, judgement not less than 1 million dollars ,individually and collectively against all defendants

122. As to count 18, Violation of persons with disability Act 1990 , judgement not less than 1 million dollars , individually and collectively ,against all defendants .

123. As to count 19, Violations of Title 18 Part I chapter 3 secion 43 Force , violence and threats involving Animal enterprises, judgement not less than 1 million dollars , individually and collectively against all defendants .

## DECLARATORY AND INJUNCTIVE RELIEF

124. Based on the above , plaintiff request a preliminary and final order , for

a.. To stop the unlawful prosecution of plaintiff at the Canton Municipal Court, Case no.

2006-CRB-3978

b. Issue an emergency order to stay, the Reimposition of sentence , of 20 days in jail issued for August , 28th , from the Canton municipal Court.

C. Issue, an order to stay the release , of the frozen forensic evidence of the deceased animals

held at the Pet Care Crematory , Carl Weaver, 4225 16th St. S.W.  Canton Ohio as the clerk of

 Courts at Canton Municipal ,has told Mr. Weaver that these bodies are released with out any formal order in place.

d. Issue an order to relieve, Mr. Weaver of the burden of storage of these frozen bodies ,he has held for a year and 9 month now , with no compensation for cost ,and order that they be held by a State facility until, necropsy can be done to determine cause of death ,at Ohio State University

e. Issue an order for this court to review the proceedings  and procedures of the Canton Municipal Court ,as they pertain to this matter.

f. appoint plaintiff, an attorney because of the complex and criminal nature of this matter
g. Plaintiff ask this honorable court for the right to amend complaint at a later date and grant Injunctive relief forthwith

Demand for Jury Trial
Dated August 22 2008

Belinda Rife Anello in Pro Se

Complaint 29